CHARLES H. BROWER, #1980-0
900 Fort Street, #1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-mail: honolululaw808@gmail.com

Attorney for Plaintiff
Randy L. Baab

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RANDY L. BAAB, | CIVIL NO. _____ |
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| HARRIS CORPORATION, AND EXCELIS, INC., | |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff RANDY L. BAAB, by and through his attorney Charles H. Brower, and for causes of action against Defendant, alleges and avers as follows:

## NATURE OF CASE

1.    Plaintiff RANDY L. BAAB (hereinafter "BAAB"), was at all times mentioned herein a resident of Lihue, Hawaii, and citizen of the State of Hawaii.

2. Defendant HARRIS CORPORATION (hereinafter "HARRIS"), is a foreign profit corporation incorporated in the State of Delaware.

3. Defendant EXCELIS, INC., (hereinafter "EXCELIS") is a foreign profit corporation.

4. Plaintiff was hired by Defendants in September of 1993.

5. Plaintiff was terminated from employment with Defendants on December 11, 2015.

6. Plaintiff alleges the termination was due to age and disability discrimination and in retaliation for complaining about discrimination.

## JURISDICTION

7. The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990, as amended; and the Age Discrimination of Employer Act.

8. The administrative prerequisites for filing this cause of action have been fulfilled. On March 13, 2016, Plaintiff filed a Charge of Discrimination based upon age and disability discrimination and in retaliation for complaining about discrimination. A Dismissal and Notice of Rights letter was issued by the Equal Employment Opportunity Commission ("EEOC") on October 13, 2016.

2

## STATEMENT OF FACTS

9. Plaintiff was hired by Defendants in September 1993.

10. During Plaintiff's employment, Plaintiff was subjected to discriminatory harassment by his immediate supervisor, who was also the Assistant Fire Chief. The discriminatory harassment was of a verbal nature, and it created a hostile and offensive working atmosphere.

11. On several occasions, Plaintiff's supervisor made demeaning and threatening discriminatory statements to Plaintiff that embarrassed Plaintiff, especially since it was done in front of Plaintiff's subordinates.

12. Some of the statements that Plaintiff's supervisor would make included, but was not limited to, saying that Plaintiff's men (crew) did not want to follow him, and threatened that he would demote Plaintiff.

13. Although Plaintiff complained about the discriminatory harassment to both Human Resources and the Chief, little to nothing was done about the harassment, and the harassment did not stop.

14. Due to the discriminatory harassment, Plaintiff was forced to take a medical stress leave of absence in January of 2015, for approximately three months.

15. When Plaintiff returned to work in April 0f 2015 from medical leave, Plaintiff was immediately put on a Performance Improvement Plan by his supervisor.

16. On August 10, 2015, Plaintiff was demoted from his Lieutenant position, to regular Firefighter, by his supervisor, who claimed that Plaintiff did not have the fundamental skills required of a Lieutenant.

17. On November 17, 2015, Plaintiff was forced to take another medical stress leave of absence due to the continued discriminatory retaliatory harassment from his supervisor.

18. On December 15, 2015, while out on medical stress leave, Plaintiff was informed that he was being terminated for failing to meet performance requirements.

19. Plaintiff denies any and all wrongdoings and alleges that he was able to perform the duties of his job satisfactorily.

20. Plaintiff's job performance prior to the termination was at satisfactory.

21. Other employees in the same age group as Plaintiff and who were not disabled were similarly treated and placed on performance improvement plans, then subsequently terminated.

22. Plaintiff was replaced by a person at least 20 years younger than him.

23. If not for Plaintiff's age, disability, and opposition to discriminatory harassment, Plaintiff would not have been terminated from employment with Defendants.

4

## STATEMENT OF CLAIMS

## COUNT I - DISABILITY DISCRIMINATION

## UNDER THE AMERICANS WITH DISABILITY ACT, AS AMENDED

24. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

25. The Americans With Disabilities Act of 1990, as amended prohibits discrimination due to a disability, and to provide a reasonable accommodation to a person with a disability so that he can perform his job duties.

26. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990.

27. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

28. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

29. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety

about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

## COUNT II - AGE DISCRIMINATION

30. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

31. The Age Discrimination in Employment Act of 1967 (ADEA) prohibits discrimination and termination due to age and based on retaliation for complaining of the discrimination.

32. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of the Age Discrimination in Employment Act of 1967 (ADEA).

33. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

34. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from

unlawful employment practices, and great humiliation, which is manifest in emotional distress.

35. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support himself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

37. Defendants and its employees' treatment of Plaintiff as stated herein, constitutes extreme and outrageous behavior which exceeds all bounds usually tolerated by decent society. Defendants and its employees' actions as described above were done with malice and with the intent to cause, or the knowledge that it would cause, severe mental distress to Plaintiff.

38. As a direct and proximate result of Defendants and its employees' actions, Plaintiff has suffered and continues to suffer emotional and/or mental distress,

thereby entitling Plaintiff to relief related thereto, as stated herein, including an award of general damages.

39. The actions of Defendants and their employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

COUNT IV – RETALIATION

40. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

41. The actions of Defendant's agents and employees in terminating Plaintiff or otherwise discriminating against her because she opposed the discrimination alleged herein were in violation of 42 U.S.C. § 12203, for which Plaintiff is entitled to an award of damages to be proven at trial.

42. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A.     For reinstatement to his position with Defendant with full benefits; and

B.     For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

8

C.     For special damages, including back pay, front pay and other expenses; and

D.     For damages for intentional infliction of emotional distress; and

E.     For punitive damages; and

F.     For attorney's fees, costs, and interest, including prejudgment interest; and

G.     For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED: Honolulu, Hawaii, January 11, 2017.


/s/ Charles H. Brower
CHARLES H. BROWER
Attorney for Plaintiff
Randy L. Baab